UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
2013 JUL 31 A 11: 24

Melissa G. DiCarlo

VS.                                        C.A. NO. CA 13- 568/M

Mortgage Electronic Registration
Systems, Inc. and HSBC
Mortgage Services, Inc.

## COMPLAINT FOR DECLATORY JUDGMENT AND INJUNCTIVE RELIEF

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Honorable Court.**

### Parties

1. Plaintiff(s) Melissa G. DiCarlo (hereinafter referred to as "DiCarlo") are residents of the State of Rhode Island. The subject property is located at 16 Rotary Drive, West Warwick, RI.

2. Mortgage Electronic Registration Systems, Inc. ("MERS") has a mailing address of PO Box 2026, Flint, Michigan 48501. MERS was the mortgagee in the subject mortgage.

3. HSBC Mortgage Services, Inc. ("HSBC") has a mailing address of 636 Grand Regency Blvd., Brandon, FL 35510. HSBC was the alleged foreclosing entity.

### Jurisdiction

4. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of this action is situated within the State of Rhode Island.

6. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

1

 a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

 b. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

 c. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

 d. Plaintiff claims that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

 e. Plaintiff as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

 f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

7. On August 10, 2006, DiCarlo executed a mortgage (the "Mortgage") which named MERS, acting solely as the nominee for Lender and Lender's successors and assigns. MERS was clearly named as the Mortgagee and not named as the Lender.

8. In the mortgage the Lender is identified as Accredited Home Lenders

9. On or about March 26, 2012, MERS attempted to assign this Mortgage to HSBC. ("Assignment") Paula Johnson signed. Paula Johnson had no authority to assign.

10. Paula Johnson was not a Vice-President or Assistant Secretary of MERS.

11. MERS did not order the assignment to HSBC.

12. Paula Johnson was attempting to assign the mortgage for HSBC, not MERS.

13. No power of attorney from MERS to either Paula Johnson or HSBC is recorded and referenced in the subject assignment.

14. Paula Johnson was a robo-signer and did not have the requisite intent to assign.

15. The subject assignment is Paula Johnson's attempt to defraud the general public and the Land Evidence Records by manufacturing standing to foreclose in HSBC.

16. MERS never held the note.

17. MERS cannot assign anything it does not own.

18. MERS never holds the beneficial interest in the subject property.

19. The beneficial interest in the property can only be transferred through negotiation of the promissory note.

20. An assignment of the mortgage without a corresponding negotiation of the promissory note is a nullity.

21. MERS is allegedly assigning the mortgage as agent of Accredited Home Lenders

22. On March 26, 2012, Accredited Home Lenders did not hold the promissory note.

23. On March 26, 2012, it is an impossibility for MERS to act as an agent for Accredited Home Lenders relative to the note and mortgage.

24. The assignment is void pursuant to R.I.G.L. 34-11-1.

25. The "Assignment" is fatally flawed in its execution and effect by virtue of the fact that is was not assigned by the mortgagee acting as agent of the noteholder as required by **General Laws of Rhode Island at §34-11-24.**

26. The assignment from MERS to HSBC is void due to failure of consideration.

27. HSBC was merely acting as servicer for a securitized trust.

28. HSBC has no standing to foreclose.

29. The Mortgage, at Page 1, defines the Lender as Accredited Home Lenders

30. The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by DiCarlo.

31. At Paragraph 22 of the Mortgage, entitled "Acceleration; Remedies", it states that **"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or**

**before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law, Lender or its designee may purHSBC the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expense of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."** (emphasis added)

32. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

33. The note holder never invoked the statutory power of sale in this matter.

34. The mortgagee never invoked the statutory power of sale in this matter.

35. The note holder never mailed a notice of sale to the Borrower.

36. The mortgagee never mailed a notice of sale to the Borrower.

37. The note holder never published the notice of sale.

38. The mortgagee never published the notice of sale.

39. HSBC wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

40. HSBC wrongly published the notice of sale without contractual or statutory authority.

41. The actions taken by HSBC are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property.

42. The foreclosure sale was not noticed or scheduled or advertised as required by the Note and Mortgage.

43. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

44. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

45. HSBC has no standing to foreclose.

46. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

47. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

48. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

49. The note is current or has been satisfied by another third party.

50. Accredited Home Lenders never transferred possession of or negotiated the promissory note to HSBC or MERS.

51. The alleged allonges were never attached to the original note.

52. Accredited Home Lenders does not possess the promissory note.

53. Accredited Home Lenders does not have the right to enforce the promissory note.

54. The note is no longer recognized as an asset or account receivable of HSBC.

55. HSBC does not hold the note.

56. The subject mortgage was securitized.

57. Once a loan is securitized it forever loses its security.

58. Pursuant to Internal Revenue Code 860, Defendants utilized Special Purpose Vehicles to pass through taxation to the shareholders of the securitized trust.

59. The shareholders are the real party in interest to the note not the Defendants.

60. Pursuant to FAS 140, once an asset is sold, the seller forever loses the ability to control the asset.

61. Defendant Trustee does not have the right to control assets of the trust.

62. A promissory note is only enforceable as a whole. It is not enforceable when the note is broken into pieces and distributed amongst a number of shareholders.

63. Once securitized the note becomes stock.

64. The mortgage is unsecured.

65. The mortgage is void due to fraud.

66. The mortgage is void pursuant to R.I.G.L. 34-11-1.

67. The mortgage is unsecured pursuant to R.I.G.L. 34-4-11.

68. The note is void due to fraud.

69. Accredited Home Lenders was not the true Lender in the underlying mortgage transaction.

70. The funds to fund the transaction came from a third party, not Accredited Home Lenders

71. The non-existence of a default on the promissory note is not a prerequisite to remedies under the Quieting Title statute.

72. Once a loan goes into default it gets written off.

73. Once an asset is written off, tax credits are given by the IRS.

74. Once the defendants received tax credits from the IRS the loan is settled and the note satisfied.

75. The Defendants purchased and seek to enforce a satisfied note.

76. Plaintiffs have standing to challenge title and all assignments of the subject mortgage.

77. Plaintiffs have standing to clear title pursuant to R.I.G.L. 34-16-4.

78. Plaintiffs have standing to challenge all assignments and foreclosure deeds pursuant to R.I.G.L. 34-16-4.

## COUNT I
### Declaratory Judgment

79. The Plaintiff herein reincorporates paragraphs 1-78 as if they are fully articulated herein.

80. By virtue of these facts and the legal consequence thereof, any assignment or alleged foreclosure failed to vest title in HSBC or the successful bidder at the foreclosure sale.

81. DiCarlo owns the subject property.

**WHEREFORE**, Plaintiff prays this Court to issue an order, pursuant to the Uniform Declaratory Judgment Act, as follows:

   a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
   b. That the Court finds that Plaintiff owns the property as a matter of law.
   c. That the foreclosure sale be voided.
   d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
   e. That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate.
   f. Declare the conveyance void pursuant to R.I.G.L. §34-11-1.
   g. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.
   h. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.
   i. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiff
By her Attorneys,

_____
George E. Babcock, Esq. (#3747)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

## COUNT II
## Quieting Title
## Rhode Island General Law §34-16-4

82. The Plaintiff herein reincorporates paragraphs 1-81 as if they are articulated herein.

82. The real estate at issue is a residential property located at 16 Rotary Drive, West Warwick, RI.

84. HSBC or its successors claim to have the right to foreclose on the property. The address of HSBC is set forth hereinabove.

85. Plaintiffs purchased the property on January 14, 2005.

86. HSBC or the successful bidder at the foreclosure sale took a foreclosure deed.

**WHEREFORE**, Plaintiffs pray for the following relief:
   a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.
   b. That the Court finds that Plaintiff owns the property as a matter of law.
   c. That the Court order any foreclosure sale voided.
   d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.
   e. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Plaintiff
By her Attorneys,

_____
George E. Babcock, Esq. (#3747)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

## COUNT III- PUNITIVE DAMAGES

87.     The Plaintiff herein reincorporates paragraphs 1-86 as if they are articulated herein.

88.     MERS and HSBC's actions were malicious, wanton, and/ or willful.

8

89. MERS and HSBC's actions were criminal in nature in contravention of R.I.G.L. 11-9.1-15, R.I.G.L. 11-17-4, R.I.G.L. 11-18-1, and R.I.G.L. 11-41-4.

90. MERS and HSBC have victimized thousands of Rhode Island citizens with their deceptive practices regarding the false filing of documents in the Land Evidence Records of the various cities and towns, lack of communication and transparency of actual note holders, and fraudulent misrepresentations in the modification and foreclosure processes.

91. MERS and HSBC's conduct requires deterrence and punishment forcing these entities to deal fairly with the citizens of Rhode Island.

**WHEREFORE**, Plaintiffs pray for punitive damages totaling $10 million.

Plaintiff
By her Attorneys,

George E. Babcock, Esq. (#3747)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

## COUNT IV
### Violation of Due Process

92. The Plaintiff(s) herein reincorporates paragraphs 1-91 as if they are fully articulated herein.

93. The R.I. Superior Court's interpretation of the mortgage contact, R.I.G.L 34-11-22, and R.I.G.L. 34-11-24 violates Plaintiff's due process rights.

94. Plaintiff(s) have a fundamental right to enjoyment of the subject property.

95. Strict Scrutiny applies to the above referenced statutes as they seek to deprive Plaintiff of her property rights.

96. There is no legitimate and compelling governmental interest in allowing foreclosure by power of sale to be based on an assignment of mortgage where the assignor had no enforceable interest in the mortgage or note at the time of the assignment.

97. R.I.G.L. 34-11-22 deprives Plaintiff(s) notice of the actual note holder, mortgagee, or other entity attempting to exercise the statutory power of sale and of their actual authority to do so.

98. Plaintiff(s) has been deprived an opportunity to be challenge the foreclosing entities ownership interest or authority to foreclose on the subject property.

99. Plaintiff(s) has been deprived of the right of redemption and notice and opportunity to redeem the subject property.

**WHEREFORE**, Plaintiff prays this Court to issue an order as follows:

a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
b. That the Court finds that Plaintiff owns the property as a matter of law.
c. That the foreclosure sale be voided.
d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
e. That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate.
f. Declare the conveyance void pursuant to R.I.G.L. §34-11-1.
g. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.
h. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.
i. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiff
By her Attorneys,

George E. Babcock, Esq. (#3747)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

Dated:

**The Plaintiff Demands a Trial by Jury.**